UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 06-CR-20664-01

ABDUL WAHEED KHAN, et al.

    Defendants.
                                              /

**OPINION AND ORDER DENYING "DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA"**

Pending before the court is Defendant Abdul Waheed Khan's "Motion to Withdraw Guilty Plea," filed on January 7, 2008. The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich LCrR 12.1; E.D. Mich. LR 7.1(e)(2). The court will deny the motion for the following reasons.

## I. STANDARD

A defendant may withdraw a plea of guilty after the court accepts the plea but before sentence is imposed if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). According to the Sixth Circuit:

> The purpose of Rule 11(d) is to allow a "hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."

*United States v. Dixon*, 479 F.3d 431, 436 (quoting *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir. 1991) (internal quotation marks omitted)). Courts consider several factors in determining whether a defendant has met his burden to provide a fair and just reason for withdrawal of his guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (citations omitted). These factors are general and non-exclusive and no one factor is controlling. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).

## II. DISCUSSION

Defendant has failed to show a fair and just reason for withdrawing his guilty plea. About four months elapsed between when Defendant signed the plea agreement on July 17, 2007 and when he first voiced displeasure with the plea on his original sentencing date of November 15, 2007. The plea agreement contains clear terms, including a summary of Khan's admitted criminal conduct: conspiring to fraudulently obtain a $944,000 loan from Business Loan Express ("BLX") and guaranteed by the Small Business Administration ("SBA"). The circumstances surrounding his plea indicate a knowing and voluntary decision. Regarding Defendant's nature and background, the court finds nothing significant that weighs in Defendant's favor, despite the rather overblown attempts of his counsel to cast him as an uneducated immigrant with suspected serious psychological difficulties. Defendant admittedly has little or no record of prior experience with the criminal justice system. The government's brief outlines the prejudice it would suffer if the motion were granted: (1) the lost opportunity to try Defendant jointly with a co-conspirator and (2) relying upon newly involved

2

counsel to prosecute an investigation lasting over two years. On balance, the non-exhaustive list of factors weighs conclusively against Defendant's request.

The remainder of Defendant's motion raises meritless arguments. Defendant contends that BLX reneged on an agreement to settle their contractual dispute and to release its lien on his house in exchange for $5,000. Even if Defendant's disputed story is factually accurate, it is for purposes of his motion legally insignificant. The plea agreement is between him and the government, not BLX. The conduct of a third party simply carries no weight in deciding the question of whether Defendant should be allowed to withdraw from his plea agreement.

Defendant also argues that BLX induced or facilitated its own loss and therefore Defendant's offense level should be lower than the level to which he agreed, under oath, in his guilty plea. The level of loss cannot be reasonably disputed. Further, even if certain BLX agents and employees are culpable for their own fraudulent conduct, BLX as an entity, its shareholders and the SBA are still aggrieved victims. Defendant cannot argue that his crime was victimless and therefore he should be released from the full consequences of agreeing to a plea of guilty. Defendant has failed to meet the requirements of Federal Rule of Criminal Procedure 11 and the court will therefore deny his motion.

### III.  CONCLUSION

IT IS ORDERED that "Defendant's Motion to Withdraw Guilty Plea" [Dkt # 56] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 20, 2008, by electronic and/or ordinary mail.

                                                S/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-20664.KHAN.DenyMotiontoWithdrawfromPleaAgreement.2.wpd

4